**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

DAKOTA LOMAX                                                                                          PLAINTIFF
ADC #132458

V.                                            NO: 5:12CV00353 SWW/HDY

WILLIAM STRAUGHN *et al.*                                                                    DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of

> proof, and a copy, or the original, of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Dakota Lomax, currently held at the Delta Regional Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #1), on September 11, 2012. Defendants are Warden William Straughn, Maj. M. Williams, Sgt. Dora Woods, Larry Hicks, and Ned Butler of the Tucker Maximum Security Unit; Lt. V. Brooks of the Varner Unit; and Disciplinary Hearing Administrator Raymond Naylor and Disciplinary Hearing Judge Lorie A. Taylor of the ADC.

### I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be

granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to Plaintiff's complaint, on March 4, 2012, he and two other inmates were working on a math problem when the other two men began arguing.[1] Woods came to investigate the disturbance, and, after speaking with the other two inmates, sent Plaintiff to behavior control in an isolation cell. Plaintiff also was written a disciplinary charge for allegedly threatening Woods. Plaintiff was convicted of a disciplinary violation, and his appeals were fruitless. For the three days he was on behavior control, Plaintiff had access to no personal property, hygiene items, religious materials, or to his family. Because Plaintiff has failed to state claim upon which relief may be granted, his complaint should be dismissed.

Plaintiff in essence has alleged that he was falsely charged with a disciplinary violation, denied due process in a disciplinary hearing, subjected to unconstitutional conditions of confinement, and denied his free exercise of religion rights, for three days.

To prevail on a condition-of-confinement claim, inmates must show: (1) the condition was

---

[1] The events apparently occurred at the Tucker Maximum Security Unit.

serious enough to deprive them of the minimal civilized measure of life's necessities, or to constitute a substantial risk of serious harm, and (2) officials were deliberately indifferent to the inmates' health and safety. *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996); *Frye v. Pettis County Sheriff Dept.*, 41 Fed.Appx. 906, 907 (8th Cir. 2002)(unpub. per curiam). Nothing Plaintiff described, for the limited amount of time he spent on behavior control, amounts to a denial of the minimal civilized measure of life's necessities. *See Abernathy v. Perry*, 869 F.2d 1146, 1149 (8th Cir. 1989)(inmate was allowed two showers per week while on investigative status for 35 days); *Williams v. Delo*, 49 F.3d 442, 444 (8th Cir. 1995)(inmate spent four days in strip cell without running water, hygiene supplies, and bedding). Likewise, a 72 hour delay in access to a religious text is not a constitutional violation. *See Weir v. Nix*, 114 F.3d 817, 820 (8th Cir. 1997)(prison policy violates Free Exercise Clause only if it substantially burdens an inmate's sincerely held religious beliefs).[2]

Furthermore, no deprivation Plaintiff encountered, for the three days he was on behavior control, amounts to an "atypical and significant" hardship that would give rise to due process protection as set forth in *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). The Eighth Circuit has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002). *See also Wycoff v. Nichols*, 94 F.3d 1187, 1188-90 (8th Cir. 1996)(no liberty interest arose when Plaintiff served 45 days in administrative confinement before disciplinary decision reversed). Thus, Plaintiff has no

---

[2]Additionally, Plaintiff alleged no facts describing a violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a)(1)-(2), which provides in part, "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the burden furthers "a compelling governmental interest," and does so by "the least restrictive means."

constitutional claim for a due process violation.[3]

In the absence of a claim for unconstitutional conditions of confinement, or for a First Amendment or due process violation, Plaintiff is left with at most a false disciplinary charge, which is not itself actionable. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989)(*citing Freeman v. Rideout*, 808 F.2d 949, 951-52 (2nd Cir. 1986), cert denied, 485 U.S. 982 (1988)). Accordingly, Plaintiff's complaint should be dismissed.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __16__ day of October, 2012.

                                                UNITED STATES MAGISTRATE JUDGE

---

[3]Moreover, Plaintiff did receive due process. According to Plaintiff's complaint, he had a disciplinary hearing before Taylor. Although Plaintiff asserts that the hearing was unfair, and he is dissatisfied with the evidence which was considered, there is no evidence that Taylor was biased in any way. *See McMaster v. Pung*, 984 F.2d 948, 952 (8th Cir. 1993)(no factual basis for inmate's claim of bias; no hearing officer involved in underlying event).